JOHN CLOUD, ADM'R. OF ANN ELIZABETH KIBLER,

*vs.*

JACOB WHITEMAN, EXR. OF JACOB WHITEMAN, DECEASED.

*New Castle, Feb. T.* 1837.

The relief granted in equity must be according to the case made by the bill.

Bill against one charging him as *executor* for payment of a legacy, will not authorize a decree against him personally, as *devisee of land charged with the legacy.*

The prayer for general relief does not sustain such a decree.

BILL FOR RAISING A LEGACY OUT OF REAL ESTATE.— This case arose upon the will of Jacob Whiteman, deceased,

dated April 15th, 1826. The testator, after first directing the payment of all his just debts and funeral expenses, devised to his son, Jacob Whiteman, in fee simple, a tract of land, being part of the plantation on which the testator then resided. He further devised to his son Christian, in fee simple, a tract of land then occupied by Christian; and also bequeathed to his said son, three hundred dollars, to be paid to him in three years after the testator's decease. The testator then bequeathed sundry other legacies to children, all being made payable at a date subsequent to his decease, as follows: to his son, John Whiteman, $300, to be paid to him in three years after the testator's decease; to his daughter, Nancy Whiteman, $300, to be paid to her in three years after his decease; to his daughter, Sarah Whiteman, $300, to be paid to her in three years after his decease; " each of them, my said four children, to be paid the sum of three hundred dollars as aforesaid, in three years after my decease, by my aforesaid son, Jacob Whiteman." The testator then, after making a few small specific bequests, further bequeathed to his aforesaid son, Jacob Whiteman, all his "personal or moveable property," of any kind he had, besides what he had thereinbefore left him, his said son, Jacob Whiteman; "whom," the testator proceeds to say, " I do hereby nominate, ordain and appoint whole and sole executor of this my last will and testament."

The testator died in September, 1832, and Jacob Whiteman, the son, proved the will and took letters testamentary. By his testamentary accounts, duly filed, it appeared that the personal estate of the testator was exhausted by debts and funeral expenses, leaving no personal fund applicable to the legacies. Nancy (or Ann) Whiteman intermarried with Samuel Kibler, and afterward died on the 18th of November, 1833, within three years after the testator's decease. She left issue, a daughter, who intermarried with the complainant, John

Cloud. The bill was filed by Cloud, as the administrator of Ann Kibler, deceased, the legatee, seeking to recover the legacy, with interest from the time when the legacies were made payable. The bill, however, did not in form seek to charge the defendant as devisee of the land devised to him, but charged him *as executor of the testator.* It contained a specific prayer for relief, that " *if the said Jacob Whiteman shall not admit assets of the said testator to answer the said legacy, then that an account may be taken of the estate and effects of the said testator which have been possessed or received by the said Jacob, or by any other person by his order or to his use, and that the same may be applied in a due course of administration.*" The bill then closed with a prayer for general relief in the usual terms and for a subpœna, which, from the indorsement on the bill appeared to have been issued against Jacob Whiteman as executor of Jacob Whiteman, deceased.

The answer admitted the statements in the bill generally, but denied that the defendant had any assets applicable to the legacy, and showed that as executor he had made a full and true settlement of the estate before the Register of Wills on the 13th of March, 1834, by which it appeared that the whole personal estate was exhausted, and that there was a balance overpaid by the executor of $542.62.

The cause came before the Chancellor at the Feb. T. 1837, for a hearing upon the bill, answer and exhibits.

*W. H. Rogers,* for the complainant.

*J. Wales,* for the defendant.

The questions argued related to the construction of the will—whether the legacy bequeathed to Mrs. Kibler was a charge on the real estate devised to the defendant ; and

4

if so, whether it had sunk into the residue upon her death before the day appointed for payment. No question was raised before the Chancellor as to the frame of the bill.

The Chancellor, at the hearing, doubted whether this will charged the pecuniary legacies on the land, and was of opinion that if such charge existed it had sunk into the residue for the benefit of the devisee on the death of Mrs. Kibler. He, therefore, dismissed the complainant's bill. He afterward expressed a change of opinion upon the points above stated, but adhered to his decree, upon the ground that the bill being filed against the defendant, *as executor of the testator*, he could not in this suit be charged as devisee of the land, and in respect of the land. The charge is personal to the son, and not as representative of the testator's estate, in which capacity there is no liability, and no fund in his hands applicable. The relief granted in equity must be according to the case made by the bill. The prayer for general relief does not meet such a case.

On appeal the decree of the Chancellor, dismissing the bill, was affirmed by the Court of Errors and Appeals, at the June Term 1838, upon the ground that the bill charged the defendant only as executor, in which character, having no assets, he was not liable.